IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. _____

MELISSA BARRIOS,

       Plaintiff,

v.

WELLS FARGO BANK, N.A.,

       Defendant.

_____/

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant WELLS FARGO BANK, N.A., by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, files this Notice of Removal of the above-titled action to this Court from the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida. In support of this Notice of Removal, Wells Fargo states as follows:

## **BACKGROUND**

1. On December 26, 2018, Plaintiff Melissa Barrios filed an action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, titled *Melissa Barrios v. Wells Fargo Bank, N.A.*, Case No. CACE-18-029481. Plaintiff's Complaint asserts claims of retaliation and constructive discharge under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Florida Civil Rights Act of 1992, Fla. Stat. Ann. § 706.01 *et seq.* ("FCRA").

2. On January 15, 2019, Plaintiff served a copy of the Complaint and the Summons on Wells Fargo's registered agent of service, Corporation Service Company. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and all other pleadings,

orders and/or other papers or exhibits of every kind, now on file with the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida are attached hereto as Exhibit A.

3. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days after Wells Fargo's receipt of a copy of an initial pleading setting forth the claims or relief upon which this action is based.

## FEDERAL QUESTION JURISDICTION

4. This action is removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, Plaintiff's Title VII claims arise under the Constitution, laws, or treaties of the United States. Any civil case filed in a state court may be removed by a defendant to federal court if the case could have been brought originally in federal court. *See Ayers v. Gen. Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000).

## DIVERSITY JURISDICTION

5. This action is also removable under 28 U.S.C. § 1441(a) because it is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The requirements of 28 U.S.C. § 1332(a) have been met because, as set forth below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.

6. Plaintiff is a citizen and resident of the State of Florida. (Compl. ¶ 4.)

7. Wells Fargo is a national banking association, federally chartered with the Office of the Comptroller of Currency of the United States. (Declaration of Becky Pearson ("Pearson Decl."), attached hereto as Exhibit B, ¶ 3.)

8.  A national association is a citizen of the state where its main office, as set forth in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). Wells Fargo's main office, as set forth in its articles of association, is located in Sioux Falls, South Dakota. (Pearson Decl. ¶ 3.) Thus, contrary to Plaintiff's Complaint allegations, Wells Fargo is not a Florida corporation (Compl. ¶ 9), but rather is a citizen of South Dakota.

9.  In her Complaint, Plaintiff alleges that "[t]his is a proceeding for compensatory damages, punitive damages and costs and attorney's fees," but she fails to specify the amount of damages sought or provide any calculation of her alleged damages. (Compl. ¶ 1.) Nevertheless, Plaintiff states that she seeks damages including "a. [d]amage to reputation, confidence and self-esteem; b. [l]oss of past and future income; c. [l]oss of future earning capacity; d. [l]oss of other fringe benefits; e. [s]tress, anxiety and emotional distress; [s]ignificant past and future pain and suffering; and g. [o]ther financial loss." (*Id.* ¶¶ 39, 44.) Plaintiff also alleges that she "is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation." (*Id.* ¶¶ 40, 45.)

10. Although Wells Fargo denies that Plaintiff is entitled to any relief whatsoever, Plaintiff's allegations satisfy the $75,000 jurisdictional amount in controversy threshold. Specifically, Plaintiff's employment with Wells Fargo terminated on or about October 21, 2017, over one year ago. (*Id.* ¶ 36.) At that time, Plaintiff's hourly wage was $17.34. (Pearson Decl. ¶ 5.) Plaintiff's year-to-date gross earnings at Wells Fargo from January 1 through her paycheck dated November 17, 2017 were $33,532.71, or approximately $798.00 per week.[1] (*Id.*) If Plaintiff's claimed lost wages are calculated through trial, which would likely not take place for

---

[1] This calculation assumes that Plaintiff worked through October 21, 2017, or for approximately 42 weeks in 2017.

at least another year,[2] the amount of lost wages in controversy alone exceeds the federal jurisdictional threshold of $75,000.

11.     The Court must also consider the other categories of damages that Plaintiff seeks when considering whether she has pled over $75,000 in damages.  For example, a prevailing plaintiff is authorized to recover attorneys' fees under Title VII and the FCRA, and "a reasonable amount of those fees is included in the amount in controversy."  *See Brown*, 2005 WL 1126670, at *4 (citation and internal quotations omitted).  The attorneys' fees must be included in calculating the amount in controversy for purposes of removal.  *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003) (plaintiff's entitlement by statute to recover legal fees as part of his damages count toward amount in controversy).

12.     Moreover, the FCRA does not limit recovery of compensatory damages, and because Wells Fargo employs more than 500 employees (Pearson Decl. ¶ 4), Plaintiff may potentially recover up to $300,000 in compensatory and punitive damages under Title VII—an amount well above the jurisdictional minimum.

13.     Because this action is between citizens of different states and the amount in controversy clearly exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

14.     Because this action is pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

---

[2]     *See Brown v. Cunningham Lindsey U.S., Inc.*, Case No. 3:05-cv-0141-J-32-HTS, 2005 WL 1126670, at *4 n.2 (M.D. Fla. May 11, 2005) (in calculating amount in controversy, the court estimated a trial date approximately twelve months from date of removal by using the Track Two designation, which aims to try cases between twelve to eighteen months of filing).

15. Prompt written notice of this Notice of Removal is being sent to Plaintiff through her counsel and to the Clerk of the Court for the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Defendant's Notice of Removal is attached hereto as Exhibit C.

16. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after reasonable inquiry, certifies that Wells Fargo's factual allegations have evidentiary support, and its legal contentions are warranted by existing law. The undersigned also certifies that this Notice of Removal is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needless increase in the cost of litigation.

Respectfully submitted,

WELLS FARGO BANK, N.A.


By */s/ Alex S. Drummond*
Alex S. Drummond
adrummond@seyfarth.com
Frederick T. Smith (to be admitted *pro hac vice*)
fsmith@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3958
Telephone:   (404) 885-1500
Facsimile:    (404) 892-7056

Kathryn S. Clark (to be admitted *pro hac vice*)
kclark@seyfarth.com
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:   (312) 460-5000
Facsimile:    (312) 460-7000

Attorneys for Defendant WELLS FARGO BANK, N.A.

Date: February 4, 2019

# CERTIFICATE OF SERVICE

I certify that on February 4, 2019, I served a true and correct copy of ***Defendant's Notice of Removal*** by the Unites States Postal Service on the following individuals:

> Clerk of Court
> Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida
> 201 SE 6th Street, West Wing Tower, Room 20170
> Fort Lauderdale, FL 33301

> David M. Cozad
> Law Offices of Levy & Levy, P.A.
> 1000 Sawgrass Corporate Parkway
> Suite 588
> Sunrise, Florida 33323

*/s/ Alex S. Drummond*
Counsel for Defendant