# EXHIBIT A

Case 0:19-cv-60299-KMM Document 1-1 Entered on FLSD Docket 02/04/2019 Page 2 of 13
Filing # 82549847 E-Filed 12/26/2018 12:33:12 PM

Case Number: CACE-18-029481

GORHAM PROCESS SERVICE

__XX__ IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

_____ IN THE COUNTY COURT IN AND FOR BROWARD COUNTY, FLORIDA

| CIVIL DIVISION | SUMMONS | CASE NUMBER |
|---|---|---|

| PLAINTIFF(S): | vs. DEFENDANT(S) | CLOCK IN |
|---|---|---|
| Melissa Barrios, | Wells Fargo Bank, N.A., | 11 S 19  1/00 A |

ERIC LARSON
CPS #007
2nd Judicial Circuit

**THE STATE OF FLORIDA**

**To Each Sheriff of the State:**

YOU ARE COMMANDED to serve this summons and a copy of the Complaint or Petition, in this action on Defendant(s): **Wells Fargo Bank, N.A.,** by serving Registered Agent:

Registered Agent Name & Address

Wells Fargo Bank, N.A.
1201 Hays Street
Tallahassee, Florida 32301-22525
Attn: Corporation Service Company, Registered Agent

Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's Attorney:

Whose Address is:
CHAD E. LEVY, ESQ.
LEVY & LEVY, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida 33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723

Within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

| BRENDA D. FORMAN | Court Seal | DATE |
|---|---|---|
| Clerk of Courts  By:_____ | | DEC 27 2018 |

BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 12/26/2018 12:33:11 PM.****

|  | IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA |
|---|---|
| MELISSA BARRIOS, | CASE NO.: |
| Plaintiff, | |
| vs. | |
| WELLS FARGO BANK, N.A., a Florida Corporation, | |
| Defendant. _____/ | |

## COMPLAINT

Plaintiff, MELISSA BARRIOS ("Plaintiff"), by and through her undersigned counsel, sues Defendant, WELLS FARGO BANK, N.A. ("Defendant"), and alleges as follows:

### INTRODUCTION

1. This is a proceeding for compensatory damages, punitive damages, and costs and attorneys' fees to remedy retaliation based upon statutorily protected activities affecting the terms, conditions and privileges of employment, and to redress the deprivation of rights secured to the Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., as amended ("Act").

### JURISDICTION

2. Jurisdiction is invoked pursuant to the Act.

### VENUE

3. The claims asserted herein arose in this judicial circuit.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a citizen of the Florida and a resident of Broward County, Florida.

5. At all times material hereto, Plaintiff was an employee of Defendant.

6. At all times material hereto, Plaintiff was an "employee" within the meaning of the Act.

7. At all times material hereto, Plaintiff was and continues to be a member of a protected class within the meaning of the Act.

8. At all times material hereto, Plaintiff transacted business and performed services in Broward County, Florida.

9. At all times material hereto, the Defendant was a Florida corporation authorized to do business and services in this judicial circuit, was the former employer of the Plaintiff, and is an employer as defined by the FCRA.

10. The Plaintiff has exhausted and fulfilled all conditions precedent to the institution of this action pursuant to the Act. Specifically, Plaintiff received her Right-to-Sue letter on September 26, 2018 and is filing this Complaint before the expiration of ninety (90) days.

## STATEMENT OF FACTS

11. Plaintiff began working for the Defendant in October 2014, as a Teller.

12. Throughout Plaintiff's employment, she performed her position exceptionally and without discipline.

13. However, on June 12, 2017, the Plaintiff reasonably believed she was the subject of sexual harassment in the workplace. Specifically, a co-worker, Luis Acosta, began spreading

vicious rumors that he had sex with Plaintiff, that was false. Mr. Acosta also drew a picture of a vagina and told other co-workers that was what Plaintiff's vagina looked like.

14. In turn, Plaintiff submitted an internal complaint to the Defendant's Human Resource department regarding the sexual harassment, using an online E-Form.

15. In response, Defendant's HR submitted her complaint to her District Manager Guillermo Formoso and RSC, Miluska Rivera, and was told that everything would be taken care of.

16. However, much to Plaintiff's disappointment, no remedial action was taken against Mr. Acosta.

17. Plaintiff thereafter submitted an additional HR complaint on July 17, 2017, complaining that Mr. Acosta's managers, John Millan and Milay Melean, attempted to cover up the sexual harassment and defend Mr. Acosta against Plaintiff by spreading vicious rumors about her.

18. John sent approximately three video recordings he took on his phone around the district claiming that the Plaintiff would go to the Publix across the street from the branch to go use the restroom and defecate.

19. These video recordings were placed up on a YouTube page and spread around the district.

20. Milay also spread rumors that Plaintiff had terribly body odor from when she worked with Plaintiff as a teller years ago.

21. Based upon this, the Plaintiff was out-casted by her entire district, as everyone had the YouTube link containing these recordings, including the Defendant.

22. The Defendant did nothing to relieve the Plaintiff from this treatment.

23. In fact, to defend against Plaintiff's complaints, the Plaintiff's former Service Manager, Edwin Mejia, informed the Defendant's HR that if it pulled the tapes from years ago of the Plaintiff behind the teller line, they would find other employees moving away from Plaintiff in an attempt to prove that the Plaintiff smelled.

24. Defendant actually listened to Edwin, pulled said tapes, and provided them to Edwin.

25. Edwin promptly placed these videos up on a YouTube page he created, which all of the District could see.

26. Realizing what was occurring, on August 16, 2017, the Plaintiff made a call to HR and reported this being posted on YouTube, and that others were attempting to do the same.

27. For example, the Plaintiff became aware her Store Manager, Carlos FJ Hernandez, claimed that he knew of an occasion where the Plaintiff "broke wind" during a transaction with a customer and sought footage to be pulled and placed up on Edwin's YouTube page.

28. This footage was actually found, with Guillermo and Miluska's assistance, and was also posted on Edwin's YouTube page.

29. This was extremely embarrassing to the Plaintiff, violated Defendant's policies, and were done solely in an attempt to ridicule and demean the Plaintiff.

30. The Defendant's HR simply informed Plaintiff that she needed the link and witnesses that would attest to the videos.

31. Plaintiff never actually saw the videos, but everyone in her branch and district made a commotion about them and were constantly talking about the footage and the YouTube page.

32. Plaintiff aspires to have a singing career, and these videos being posted could determinately affect Plaintiff's future.

33. However, no other employees would speak up about seeing the videos.

34. Over the next two months, Plaintiff was being bullied in an attempt to get her to resign from her employment, and was unable to focus on her employment.

35. Ultimately, since none of the Plaintiff's peers would send the YouTube link containing this footage to HR, or attest on the Plaintiff's behalf, the Defendant even further retaliated against the Plaintiff on October 20, 2017 by pulling more embarrassing surveillance footage of the Plaintiff to be given to Edwin and placed up on YouTube.

36. The Defendant completely failed to remedy the situation causing the Plaintiff to constructively terminate herself from her position with the Defendant on October 21, 2017.

## COUNT I
## THE ACT-RETALIATION

Plaintiff incorporates by reference paragraphs 1 through 36 herein and states as follows:

37. The Defendant's adverse treatment towards the Plaintiff was, in whole or in part, in retaliation for her complaint of sexual harassment.

38. The Defendant has failed to remedy Plaintiff's complaints, and allowed Plaintiff to be retaliated against for lawfully having engaged in a statutorily protected activity, and as a result of her complaints of sexual harassment.

39. The Defendant's conduct constitutes unlawful retaliation under the FCRA, and such actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful and discriminatory conduct, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

5

      a.     Damage to reputation, confidence and self-esteem;

      b.     Loss of past and future income;

      c.     Loss of future earning capacity;

      d.     Loss of other fringe benefits;

      e.     Stress, anxiety and emotional distress;

      f.     Significant past and future pain and suffering; and

      g.     Other financial losses.

40. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

WHEREFORE, the Plaintiff, MELISSA BARRIOS, requests that judgment be entered against the Defendant, WELLS FARGO BANK, N.A., for all damages recoverable under the Act, including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper.

## COUNT II
## THE ACT-CONSTRUCTIVE DISCHARGE

Plaintiff incorporates by reference paragraphs 1 through 36 herein and states as follows:

41. The Plaintiff reported complaints to Defendant's HR regarding sexual harassment, and in turn received adverse treatment, in whole or in part, in retaliation for her complaint of sexual harassment.

42. The retaliation towards the Plaintiff was severe, interefered with her ability to perform her position, and created an abusive working environment.

43. The Defendant had numerous opportunities to correct/remedy the Plaintiff's circumstances, and failed to do so, leaving Plaintiff with no alternative but to resign.

44. The Defendant's actions were willful and malicious and, as a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, including, but not limited to:

    a. Damage to reputation, confidence and self-esteem;

    b. Loss of past and future income;

    c. Loss of future earning capacity;

    d. Loss of other fringe benefits;

    e. Stress, anxiety and emotional distress;

    f. Significant past and future pain and suffering; and

    g. Other financial losses.

45. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation.

WHEREFORE, the Plaintiff, MELISSA BARRIOS, requests that judgment be entered against the Defendant, WELLS FARGO BANK, N.A., for all damages recoverable under the Act, including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands a jury trial.

Dated: December 26, 2018.                Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
Email: chad@levylevylaw.com
Service Email: assistant@levylevylaw.com
*Counsel for Plaintiff*

/s/ David M. Cozad
DAVID M. COZAD, ESQ.
F.B.N.: 333920

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

## I. CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Melissa Barrios</u>
Plaintiff
vs.
<u>Wells Fargo Bank NA</u>
Defendant

## II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☒ Non-monetary declaratory or injunctive relief;
    ☒ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

<u>2</u>

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ Yes
    ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ No
    ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ Yes
    ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ David Mitchell Cozad</u>     FL Bar No.: <u>333920</u>
    Attorney or party                                 (Bar number, if attorney)

<u>David Mitchell Cozad  12/26/2018</u>
    (Type or print name)                               Date

# VERIFIED RETURN OF SERVICE

State of Florida          County of BROWARD          Circuit Court

Case Number: 18-29481

Plaintiff:
**MELISSA BARRIOS**

vs.

Defendant:
**WELLS FARGO BANK, N.A.**

For:
LEVY & LEVY, P.A.
1000 Sawgrass Corporate Parkway
Suite 588
Sunrise, FL 33323

Received by GORMAN PROCESS SERVICE on the 15th day of January, 2019 at 10:00 am to be served on **WELLS FARGO BANK, N.A. C/O CORPORATION SERVICE COMPANY, REGISTERED AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301**.

I, ERIC L. LARSON, do hereby affirm that on the **15th day of January, 2019 at 11:00 am**, I:

served a **CORPORATION** by serving a true copy of the **SUMMONS/COMPLAINT** with the date and hour of service endorsed thereon by me, to: **KARA STOVER** as **CLERK FOR RA** for **WELLS FARGO BANK, N.A.**, at the address of: **1201 HAYS ST, TALLAHASSEE, FL 32301**, and informed said person of the contents therein, in compliance with state statutes, **pursuant to F.S. 48.081(3)**.

**Additional Information pertaining to this Service:**
KARA STOVER, CLERK FOR RA, AUTHORIZED TO ACCEPT SERVICE, WF 45 YRS 5'6 140 LBS RED HAIR GLASSES

Under penalty of perjury, I declare that I have read the forgoing Verified return of Service and the facts stated in it are true, that I that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. I also certify that the above stated facts are correct to the best of my knowledge.. Pursuant to F.S. 92.525(2), Notary not required.

ERIC L. LARSON
CPS #063, 2ND JUDICIAL CIRCUIT

GORMAN PROCESS SERVICE
11767 S. Dixie Highway
Ste 201
Pinecrest, FL 33156
(305) 971-9636
Our Job Serial Number: ARG-2019000169
Ref: 169

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 1/16/2019 10:50:22 AM.****